IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

**LAVORIS COLLINS,**
               **Plaintiff,**

      **and**
**DEPARTMENT OF CHILDREN AND FAMILIES,**
               **Defendant.**
_____/

## COMPLAINT

**COMES NOW** Plaintiff, LAVORIS COLLINS, by and through her undersigned counsel, hereby files her Complaint against the Defendant, the DEPARTMENT OF CHILDREN AND FAMILIES ("hereinafter DCF").

## INTRODUCTION

This civil action arises from an incident that occurred on or about September 2014 until March 22, 2017, during the retaliation suffered of Plaintiff LAVORIS COLLINS. The Defendant DCF's employees wrongfully retaliated against the Plaintiff based upon her engaging in protected activity after she made several complaints regarding upper management and staff.

Plaintiff LAVORIS COLLINS brings a federal constitutional claim against the Defendant DCF as the supervisory entity responsible for the conduct, training, and supervision of the employees under its charge. DCF failed to properly train the employees in the appropriate methods, proper procedures, and protocols with respect to accommodating the Plaintiff's disability. DCF had a policy and custom that constituted deliberate indifference to the Plaintiff's constitutional claims of retaliation based on her

engaging in protected activity and DCF's policy and custom deprived the Plaintiff of her rights under the Constitution and the laws of the State of Florida, resulting in unlawful termination.

## JURISDICTION AND VENUE

1. Plaintiff in her action seeks relief under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000E-3(a), including compensatory damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

2. Venue is proper in the Southern District Court of Florida, pursuant to 28 U.S.C. §1391 (b), as the Defendant's principal place of business in Miami-Dade, and all of the acts and omissions giving rise to the action occurred in Miami-Dade County.

3. The Court has federal question jurisdiction over the Plaintiff's federal law claims, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

4. All conditions precedent to the maintenance of the action, including those set forth in Florida Statute §768.28, have been performed, have occurred prior to its institution, or have been waived.

## PARTIES

5. At all times material hereto, Plaintiff LAVORIS COLLINS is a resident of Miami-Dade County, Florida, and is otherwise sui juris. LAVORIS COLLINS is an African American woman that engaged in protected activity prior to being retaliated against while she is in her workplace.

6. At all times material hereto, the Upper Management Staff that retaliated against Plaintiff were all employed for the Defendant DCF and was acting under the direction and control of DCF, in such capacity as an agent, servant, and employee of DCF. Upon information and belief, and at all times material hereto, Management of the Defendant DCF participated in the unconstitutional violation and other wrongful acts that occurred from September 2014 until March 2017, at which time she was acting within the course and scope of her employment.

7. DCF is responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and conduct. DCF is also responsible for ensuring that its personnel obey the laws of the State of Florida and ensuring that its rules and regulations are followed and enforced by its employees.

8. Plaintiff LAVORIS COLLINS sues Defendant DCF.

## FACTUAL ALLEGATIONS

*Events that Occurred from September 2014- March 2017*

9. In September 2014, Plaintiff was employed with the Department of Children and Families located at: 200 Opa Locka Boulevard, Opa Locka, Florida 33054.

10. During the course of her employment, Plaintiff made several complaints both written and verbal regarding her workplace for both her safety and the safety of her co-workers due to her medical diagnosis, hardship that it presented for her, and that she was being retaliated against by the staff of the DCF.

11. DCF has maintained a long-standing, widespread history of failure to train, supervise, or otherwise discipline its employees for, among other things, retaliation in the workplace even though it had notice of the unlawful conduct by its employees.

12. DCF has maintained a system of review for abuses of lawful authority like retaliation, by its employees has failed to subject employees that employed retaliation to appropriate discipline, closer supervision, and/or retaining, to the extent that it has become the de facto policy and custom of DCF to tolerate such acts by its officers.

13. Indeed, DCF routinely performs cursory investigations of incidents involving extremely questionable retaliation on the part of DCF's employees, with an eye toward exonerating the employee involved rather than finding out the truth.

14. Due to the intentionally inadequate investigative process, in virtually all wrongful retaliation, DCF has declared the conduct of its employees to be justified.

15. DCF's foregoing acts, omissions, policies, or customs caused employees to believe that such acts as retaliation would not properly be investigated. The consistent lack of accountability within DCF for the questionable and often unjustifiable retaliation has promoted an acceptance of unconstitutional behavior towards employees who engage in protected activity. The resulting culture of retaliation promotes work place hostility.

16. Despite DCF's notice and knowledge of the impartial and biased propensities of their employees because of said employee's lack of training, skill, and/or experience, DCF failed to implement any policies or programs to train said employees or otherwise intentionally failed to protect the Plaintiff.

17. DCF had policies, customs, and practices that constituted deliberate indifference to Plaintiff's Constitutional Rights pursuant to 42 U.S.C § 2000e et seq.

18. The actions of DCF in this case, as well as the actions of Defendant DCF in other similar situations, indicate that the employees who violated LAVORIS COLLINS' rights acted in accordance with DCF's policies and reflect policies were adopted by DCF and their officials.

19. The failure of DCF to completely investigate wrongful retaliation and to institute appropriate disciplinary and restraining action in the wake of them, severs to tacitly condone the egregious misconduct of the employees involved. The agency's inaction in this regard effectively annuls its official general orders regarding retaliation and custom of tolerating retaliation, which will invariably have the effect of promotion similar misconduct by other employees in the future. In sum, the pattern of not obeying the law on the part of the DCF employees stems from systematic deficiencies in training and supervision and from the inadequate investigation and routine infraction of illegality.

20. The Defendant took retaliatory actions against the Plaintiff by failing to honor her requests to amend policies and procedures for safety purposes.

## COUNT 1

### Count One

### (Retaliation in Violation of Title VII)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) too… discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

23. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

24. The discriminatory and retaliatory conduct was carried out by Defendant at the Opa Locka location of DCF.

25. Defendant has retaliated against the Plaintiff, by failing to provide a non-abusive, safe working environment within the agency that will allow employees to engage in protected activity.

### Request for Relief

26. As a further direct and proximate result of the conduct described above, Plaintiff LAVORIS COLLINS suffered loss. These losses are either

permanent or continuing, and LAVORIS COLLINS will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

**WHEREFORE,** Plaintiff prays for the following relief:

a. Judgement for compensatory damages in excess of $100,000.00;

b. Cost of suit;

c. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

d. Trial by Jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just an appropriate.

Date: April 1, 2019

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 1, 2019, I electronically filed the foregoing which will send a notice of electronic filing to the following:

**Department of Children and Families**
**401 N.W. 2nd Avenue, Suite N-1007**
**Miami, Florida 33128**

Respectfully Submitted,

**THE DAVIS LEGAL CENTER**
*/s/ Dameka L. Davis, Esq.*
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: davislegalfl@gmail.com