UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21236-GAYLES

LAVORIS COLLINS,

        Plaintiff,

v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Department of Children and Families' Motion to Dismiss Complaint [ECF No. 12] ("Motion"). The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Lavoris Collins brings this action claiming retaliatory termination from her job with Defendant Department of Children and Families in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. Plaintiff alleges that, while employed by Defendant, she had an unspecified medical diagnosis and disability that compromised her safety at work and the safety of her coworkers. She complained to her supervisors about her safety concerns. After she complained, Defendant's staff retaliated against her. Plaintiff then complained about the retaliation. Plaintiff also alleges that Defendant fails to train its employees about preventing retaliatory conduct, creating a culture of hostility towards those who complain.

Plaintiff claims that Defendant retaliated against her by failing to honor her requests to amend safety policies and procedures in the workplace. Plaintiff further claims that Defendant ultimately terminated her in retaliation for her repeated complaints. Defendant filed its Motion, which is now ripe for review.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## DISCUSSION

Defendant argues that Plaintiff fails to state a claim under Title VII. Specifically, Defendant asserts that (1) Title VII does not extend to claims of medical conditions or disability and (2) Plaintiff fails to allege that she engaged in a protected activity and that her termination was causally connected to any protected activity. The Court agrees.

First, Plaintiff states that her medical condition and disability make her part of a protected class under Title VII. [ECF No. 3, ¶ 10; ECF No. 14, at 4]. Not so. Title VII extends only to discrimination and retaliation claims "based on that individual's race, color, religion, sex, or national origin." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (internal quotations and citations omitted). Although other federal statutes may protect employees with medical conditions or disabilities, Title VII does not. Accordingly, Plaintiff cannot bring a claim for relief under Title VII for disability discrimination.

Second, Plaintiff's Complaint does not sufficiently plead a claim for relief under Title VII or, to the extent alleged, the Americans with Disabilities Act ("ADA"). *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) (noting that Title VII and ADA retaliation claims are analyzed under the same framework) (citing *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997)). Plaintiff's action alleges retaliatory termination based on her undefined medical diagnosis or disability. But her Complaint lacks any specificity about her medical condition or the complaints she made. *See Twombly,* 550 U.S. at 561–62 (a complaint "requires more than labels and conclusions"). Plaintiff also fails to allege that Defendant's retaliatory motive was the "but for" cause of her termination. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 567 (11th Cir. 2010) (upholding dismissal where plaintiff alleged no facts suggesting a causal connection between his protected activity and termination) (citing *Iqbal*, 566 U.S. at 677). Simply stating that she complained and was retaliated against does not pass muster. *Id.*

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED that** Defendant's Motion to Dismiss Complaint [ECF No. 12] is **GRANTED**. Plaintiff's Complaint is dismissed without

prejudice. Plaintiff may file an Amended Complaint within fourteen days of this Order. This case shall be administratively closed. Either party may move to reopen when warranted.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE